IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Eugene Barnes, Jr.,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | CV-10-189-TUC-FRZ (JCG)<br><br>**REPORT & RECOMMENDATION** |

Petitioner, Michael Eugene Barnes, Jr., who is presently confined at the Kaibab North Unit of the Arizona State Prison Complex in Winslow, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 10) and Petitioner's Reply. (Doc. 11.) Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition.

///

///

///

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." The Arizona Court of Appeals determined the facts giving rise to Petitioner's conviction as follows. Petitioner had an argument with his former girlfriend, Tracy, over the telephone. (Answer, Ex. A.) When Tracy arrived at Petitioner's house to pick up their son, the two continued to argue, and Petitioner threw a rock at Tracy's car. (*Id*.) A few days later, the two again argued over the telephone, and Petitioner threatened to shoot Tracy. (*Id*.) Petitioner then went to Tracy's home, where he shot and killed Tracy's current boyfriend. (*Id*.) Petitioner also shot at Tracy but missed. (*Id*.) At trial, Petitioner denied involvement in the shootings; he testified that he believed a man named Carlos Rivas, who had accompanied Petitioner to Tracy's home, had shot Tracy's boyfriend. (*Id*.) Rivas testified on behalf of the state that he went with Petitioner to Tracy's home, saw Petitioner enter the home and become involved in a "struggle", heard gunshots and saw Tracy's boyfriend fall face down. (*Id*.) Rivas also testified that Petitioner told Rivas' girlfriend that he had shot someone. (*Id*.) Two other state witnesses testified that they had accompanied Petitioner to Tracy's home on the night of the shooting, heard shots and saw Petitioner return to the car with a gun. (*Id*.) Tracy testified that she was in her bedroom when she heard Petitioner enter the home and argue with her boyfriend, who was in the living room. (*Id*.) Tracy testified that she heard five gunshots and telephoned 911. (*Id*.) While doing so, the door to her bedroom opened and she heard Petitioner say "it's your turn now, bitch," before firing shots at her bed. (*Id*.) After leaving her bedroom, Tracy found her boyfriend lying face down with bullet holes in his back. (*Id*.) He was taken to a hospital where he died from multiple gunshot wounds. (*Id*.)

Petitioner was convicted by a jury of second-degree murder, attempted second-degree murder, assault and criminal trespass. (*Id*.) On January 26, 2006, the trial court sentenced Petitioner to presumptive, consecutive prison terms of sixteen and 10.5 years for the first two counts and time served for the remaining counts. (*Id*.; *see also* Answer, Ex. B.)

1  Petitioner filed a direct appeal in which he argued that the trial court had erred in
2  refusing to grant his motion for a directed verdict of acquittal pursuant to Rule 20, Ariz. R.
3  Crim. P. (Answer, Ex. B.) The appellate court affirmed Petitioner's conviction. (Answer,
4  Ex. A.) Petitioner raised the same argument in his Petition for Review to the Arizona
5  Supreme Court; the court denied review without comment. (Answer, Exs. C, D & E.)

6  Petitioner filed a Petition for Post-Conviction Relief pursuant to Rule 32, Ariz. R.
7  Crim. P. ("Rule 32 Petition"). In his Rule 32 Petition, Petitioner argued that he received
8  ineffective assistance of appellate counsel when appellate counsel failed to argue on direct
9  appeal that the trial court improperly excluded evidence of Rivas' prior felony conviction for
10 aggravated assault with a weapon. (Answer, Ex. F.) The trial court denied Petitioner's Rule
11 32 Petition. (Answer, Ex. G.) Petitioner reasserted his ineffective assistance of counsel
12 claim in his Petition for Review to the Arizona Court of Appeals; the Court of Appeals
13 denied relief. (Answer, Exs. H & I.) Petitioner raised the same ineffective assistance of
14 counsel claim in his pro se Petition for Review to the Arizona Supreme Court; the court
15 denied review without comment. (Answer, Exs. J & K.)

16 On April 1, 2010, Petitioner filed the instant Petition for Writ of Habeas Corpus, in
17 which he presents two Grounds for Relief:

18 **Ground 1:** Petitioner's Fifth and Sixth Amendment rights were violated by
19 presentation of "unreliable evidence" that was "insufficient to persuade a properly-instructed
20 reasonable jury of his guilt beyond a reasonable doubt." (Petition, pg. 6.) Specifically, he
21 contends that the trial court should not have sanitized the nature of Carlos' aggravated assault
22 conviction. (*Id*.)

23 **Ground 2:** Petitioner was denied effective assistance of counsel when appellate
24 counsel failed to argue on appeal that "numerous errors ... occurred during the entire
25 proceeding from arrest to trial final phase."

26 ///
27 ///
28

**DISCUSSION**

The Magistrate Judge recommends that the Petition be denied. Petitioner failed to fairly present Ground 1 as a federal claim in state court. Petitioner exhausted a portion of Ground 2, but Ground 2 is without merit.

**A.    Exhaustion**

   **i.    Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal

- 4 -

court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### ii. Ground 1 was not fairly presented.

To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Resolving whether a petitioner has fairly presented his claim to the state court is an intrinsically federal issue to be determined by the federal court. *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995); *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994). Commenting on the importance of fair presentation, the United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Following *Duncan*, the Ninth Circuit has held that a state prisoner has not "fairly presented" (and thus has not exhausted) federal claims in state court unless he specifically indicated to that court that the claims were

- 5 -

based on federal law. *See, e.g., Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury and ineffective assistance of counsel lacked specificity and explicitness required to present federal claim); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal claim); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

Petitioner presented the facts giving rise to Ground 1 in his direct appeal: he claimed that the trial court had erred in denying his motion for a directed verdict because there was insufficient evidence connecting Petitioner to the shooting in question. (Answer, Ex. B.) However, Petitioner failed to argue these grounds based on federal law. Instead, Petitioner claimed that the trial court's erroneous denial of the motion for directed verdict was in contradiction to applicable state law. (*Id.*) Petitioner did not specifically indicate to the state court that his claim was based on federal law. The Court of Appeals, in analyzing the merits of Petitioner's claim, likewise did not include any discussion of federal law. (Answer, Ex. A.)  Because Petitioner failed to make any sufficient reference to the United States Constitution, a federal statute or a federal case, the state court was not alerted to a federal claim. Ground 1 was not fairly presented in state court; it remains unexhausted absent a showing of cause and prejudice or a fundamental miscarriage of justice.

### iii.   Petitioner did not exhaust all of the issues raised in Ground 2

In Ground 2, Petitioner contends that he was denied effective assistance of counsel when appellate counsel failed to argue on appeal that "numerous errors ... occurred during the entire proceeding from arrest to trial final phase." To the extent that Petitioner intends to argue that appellate counsel erred in raising only one issue of appeal, Petitioner has not properly exhausted his claim because he did not present it in state court. In his Rule 32 Petition and before the Court of Appeals, Petitioner argued that his appellate counsel was ineffective in failing to argue on direct appeal that the trial court improperly excluded

evidence of Rivas' prior felony conviction for aggravated assault with a weapon. In construing the Petition in the light most favorable to Petitioner, the Magistrate concludes that Ground 2 includes a claim that one of the errors which appellate counsel should have raised on appeal was the trial court's sanitization of Rivas' prior conviction. The Magistrate further concludes that this component of Ground 2 is properly exhausted as it was fairly presented to the state court in Petitioner's Rule 32 Petition and his Petition for Review to the Arizona Court of Appeals. Accordingly, this claim is considered on the merits.

### iv. Petitioner has not demonstrated cause and prejudice or made a colorable showing of actual innocence.

A federal court may only grant review of a procedurally defaulted claim if petitioner makes a showing of cause and prejudice, *Netherland*, 518 U.S. at 162, or a colorable showing of actual innocence amounting to a "fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992). To establish cause for a procedural default, a petitioner must show an external impediment which rendered Petitioner unable to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the error worked to his substantial disadvantage, infecting the entire trial with constitutional error. *Carrier*, 477 U.S. at 488. If petitioner cannot meet one of the requirements, it is unnecessary for federal courts to address the other requirement. *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner may also be granted federal review if he can demonstrate a fundamental miscarriage of justice. A fundamental miscarriage of justice results when the petitioner can demonstrate that a constitutional error caused the conviction of one who is actually innocent. *Carrier*, 477 U.S. at 496.

Petitioner has not argued cause and prejudice or actual innocence amounting to a "fundamental miscarriage of justice." Accordingly, Ground 1 and a portion of Ground 2 were not properly exhausted and the Court need not consider the merits of those claims.

**B. Merits**

    **i.   Standard of Review**

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin v. Calderon*, 77 F.3d 1155, 1158 (9th Cir. 1996). The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir. 2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002).

### ii. Trial court's decision was not contrary to federal law

In considering the Rule 32 petition, the trial court applied the appropriate federal law. The trial court stated that "[t]o maintain a successful claim of ineffective assistance of counsel, Petitioner must prove that (1) counsel's performance was deficient and below an objective standard of reasonableness and (2) that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 669 (1984)." *Strickland v. Washington* is the leading United States Supreme Court case governing ineffective assistance of counsel claims. Thus, Petitioner has failed to demonstrate that the state court's decision was contrary to federal law.

### iii. Trial court's decision was not an unreasonable application of federal law

In addition, Petitioner has failed to demonstrate that the state court application of federal law to the facts was unreasonable. The Sixth Amendment guarantees not only the

- 9 -

1  right to counsel, but the right to effective assistance of counsel. *Strickland v. Washington*, 2  466 U.S. at 686. There is no constitutional right to an attorney in state post-conviction 3  proceedings. *Coleman*, 501 U.S. at 752. The burden of proof on Petitioner to show 4  ineffective assistance is two-pronged.

5  First, Petitioner must show that counsel's performance was deficient, in that counsel 6  made errors so serious that counsel was not functioning as "counsel." *Strickland*, 466 U.S. 7  at 687. In demonstrating a deficient performance, Petitioner must show that the 8  representation fell below an objective standard of reasonableness. *Id.* at 688. Judicial 9  scrutiny of counsel's performance must be highly deferential, since there is a "strong 10 presumption that counsel's performance falls within the "wide range of professional 11 assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland,* 466 12 U.S. 689).

13 Second, in proving ineffectiveness, Petitioner must show that counsel's deficient 14 performance prejudiced the defense. *Strickland*, 466 U.S. at 692. To prove prejudice, 15 Petitioner must show that there is a reasonable probability that, but for counsel's errors and 16 omissions, the result of the proceeding would have been different. *Id.* at 694. A reasonable 17 probability is a "probability sufficient to undermine confidence in the outcome." *Id.*

18 Mere conclusory allegations are insufficient to prove that counsel was ineffective. 19 *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). A habeas petitioner is entitled 20 to an evidentiary hearing or habeas relief when "he has alleged facts [in his petition] which, 21 if proven, would entitle him to relief. . . . Notice pleading is not sufficient, for the petition is 22 expected to state facts that point to a real possibility of constitutional error." *O'Bremski v.* 23 *Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quotations omitted).

24 The trial court concluded that Petitioner failed to show that his appellate counsel's 25 performance was deficient because the trial court had a sound basis for sanitizing Rivas' 26 prior conviction, and therefore appellate counsel acted reasonably in opting not to challenge 27 the decision. The trial court's application of federal law was reasonable. Rule 404(b), Fed. 28

R. Evid., precludes evidence of prior wrongs to prove the character of a person in order to show that he acted in conformity therewith.[1] Rule 403, Fed. R. Evid., permits the preclusion of evidence whose prejudicial character outweighs its probative value. In the present case, the trial court acted within its discretion in determining that the specific details of Rivas' prior convictions had limited probative value and would unduly prejudice the jury's perception of Rivas. Because the trial court's decision was a reasonable application of the rules of evidence, appellate counsel could have reasonably concluded that the issue was not worth raising on appeal. The process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (citing *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)). Accordingly, Petitioner's appellate counsel was not deficient in deciding not to raise the issue on appeal. Petitioner has failed to rebut the strong presumption that his appellate counsel's performance fell within the wide range of professional assistance. *See Strickland*, 466 U.S. at 689.

Furthermore, as the trial court noted, Petitioner cannot satisfy the second prong of *Strickland* because he was not prejudiced by appellate counsel's failure to raise the issue of Rivas' prior conviction on appeal. The jury was aware that Rivas had been convicted of several felonies and that DNA under the victim's fingernails might be Rivas'. Petitioner's defense theory – that Rivas, not Petitioner, was the shooter – was therefore adequately communicated to the jury without the additional evidence that Rivas' prior convictions involved assault with a deadly weapon. In addition, the jury had ample evidence upon which to convict Petitioner, even without Rivas' testimony. Tracy and three other witnesses each offered testimony that implicated Petitioner, as did Tracy's 911 call. There is no reasonable probability that, but for the sanitization of Rivas' prior conviction, the jury would have reached a different verdict. Accordingly, Ground 2 is without merit.

---

[1] Arizona's Rules of Evidence track the Federal Rules.

## **CONCLUSION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-10-189-TUC-FRZ.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 30th day of September, 2010.

Jennifer C. Guerin
United States Magistrate Judge